**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATASHA MARIE SOUZA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN N. CHASE,<br><br>　　　　　Defendant. | Case No. 1:24-cv-00413-KES-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND**<br><br>(Doc. 1)<br><br>**TWENTY-ONE DAY DEADLINE** |

　　　　Plaintiff Natasha Souza, proceeding pro se and *in forma pauperis*, filed a complaint on March 5, 2024. (Doc. 1). The complaint names Brian N. Chase, a commissioner for the Kings County Superior Court in California, as the Defendant. (Doc. 1 at 1). Plaintiff challenges the orders by Judge Chase that required Plaintiff's children to receive various vaccinations and presumably terminated some of her parental rights. (*See* Doc. 1). Upon review, the Court concludes that the complaint fails to state any cognizable claims and recommends dismissal without leave to amend.

　　　　　　　　　　　　**I.　　SCREENING REQUIREMENT**

　　　　In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to

screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

In the complaint, Plaintiff lists Brian N. Chase, the "Commissioner," as the Defendant, whom she alleges is a U.S. Governmental Defendant. (Doc. 1).  Plaintiff contends there is federal question jurisdiction.  (Doc. 1 at 3).  She alleges her claims arises under the First Amendment, "Due Process," 18 U.S.C. § 249, the Ninth Amendment and the Eleventh Amendment. (Doc. 1 at 3).  She states the following:

> [Commissioner] Chase attacked my spirituality in open court, mocking my faith and stripping me from my medical rights of my children.  He has forced my children to obtain injections that have been found by childrens pediatrician to be harmful and thus had exempted them from [receiving].  My children ended up on the hospital and since my medical rights have been taken without due process, and the commissioner is against my religious beliefs, I am not allowed to be present at any medical appointments.

(Doc. 1 at 5).  She alleges she has suffered an irreparable injury in that "hospital visits and medical issues and concerns that have risen from the order forcing the children to vaccinations against doctors orders.  Mental and emotional harm.  Duress. Violation of Constitutional Rights." (Doc. 1 at 5).  She seeks her "Medical Rights be restored.  Emergency order to stop all vaccinations being administered to my children.  All rights to compensations for damages claimed, punitive [and] exemplary as allotted by law." (Doc. 1 at 5).

## III.   DISCUSSION

**A.    This Court Lacks Subject Matter Jurisdiction Under the *Rooker-Feldman* Doctrine**

Under the *Rooker-Feldman* doctrine, a district court has no jurisdiction to review errors allegedly committed by state courts.  *Rooker v. Fidelity Trust* Co., 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").  "The *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment."  *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citing

*Skinner v. Switzer*, 562 U.S. 521, 531-32 (2011)). "The purpose of the Doctrine is to protect state court judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16).

To determine whether the *Rooker-Feldman* doctrine applies, a district court first must determine whether the action contains a forbidden *de facto* appeal of a state court decision. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). A *de facto* appeal exists when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Id.* at 1164. If "a federal plaintiff seeks to bring a forbidden *de facto* appeal, . . . that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden *de facto* appeal is brought." *Id.* at 1158. "Simply put, 'the United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings.'" *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (quoting *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986)).

The *Rooker-Feldman* doctrine applies even when a state court judgment is not made by the highest state court, *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994), or when a state court order is not final, *Worldwide Church of God*, 805 F.2d at 893 n.3. It also applies when a plaintiff's challenge to the state court's actions involves federal constitutional issues. *Feldman*, 460 U.S. at 483–84.

Here, to the extent that Plaintiff requests the court restore her "medical rights" (presumably terminated by Judge Chase's orders), she is asserting an allegedly erroneous state court order as a legal wrong and seeking relief from that decision. That request amounts to a *de facto* appeal of Judge Chase's rulings, and thus the issues raised in this action are "inextricably intertwined" with Judge Chase's orders from which the forbidden *de facto* appeal is taken. *See Noel*, 341 F.3d at 1158. Thus, the Court lacks jurisdiction over this action under the *Rooker-Feldman* doctrine, and the complaint should be dismissed.

### B. Judge Chase is Entitled to Immunity

Even if the *Rooker-Feldman* did not preclude this action (and to the extent that Plaintiff is seeking damages), her action against Judge Chase is subject to dismissal because judges are absolutely immune from civil suits for acts performed in their judicial capacities. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 & n.10 (1993); *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 357-60 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1872). Absolute judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996). Absolute judicial immunity applies not only to suits for damages, but also "to actions for declaratory, injunctive and other equitable relief." *Mullis v. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987).

Plaintiff alleges that Judge Chase's orders violate the U.S. Constitution under the First, Ninth and Eleventh Amendments. (Doc. 1). There are only two situations in which a judicial officer will not be entitled to judicial immunity. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (internal citations omitted). The Supreme Court has stated that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

Here, Plaintiff's claim against Judge Chase is based solely on acts performed in his judicial capacity. Plaintiff contends Judge Chase improperly "stripped" her of her medical rights and "attacked her spirituality in open court." There are no facts alleging that Judge Chase undertook any of the alleged acts outside of his judicial capacity or in the complete absence of

jurisdiction. Rather, it appears that Plaintiff takes issue with the ultimate legal conclusion Judge Chase reached in a state judicial proceeding. Accordingly, Judge Chase is entitled to absolute judicial immunity, and Plaintiff's claim against him must be dismissed.

## C. Leave to Amend is Not Recommended

The undersigned is mindful that, in general, a *pro se* litigant in a civil rights action should be given "notice of the deficiencies in his or her complaint" and provided with an opportunity to amend the complaint to overcome such deficiencies. *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). In this case, however, the complaint's deficiencies cannot be cured and amendment would be futile. *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011); *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (leave to amend is not appropriate when "the pleading could not possibly be cured by the allegation of other facts") (internal quotation marks omitted); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) ("there is no need to prolong the litigation" when "basic flaw" in pleading cannot be cured by amendment). For the reasons set forth above, the undersigned recommends that Plaintiff's complaint be dismissed without leave to amend.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed, without leave to amend; and

2. The Clerk of Court be instructed to close the case.

These findings and recommendation will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within twenty-one (21) days after being served** with these findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within

//
//
//
//

6

the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 29, 2024**                       */s/ Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE